532 F.2d 1382
 174 U.S.App.D.C. 307
 Sydney Earl JOHNSON, Jr., Appellant,
v.
BERNARD INSURANCE AGENCY, INC.
Homer O. TUTT and Josephine T. Tutt, Appellants,
v.
Sydney Earl JOHNSON, Jr. and Insurance Company of North America.
 Nos. 74-1988, 74-1992.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Nov. 24, 1975.
Decided April 2, 1976.
Rehearing Denied April 23, 1976.
 
 1
 Edward Jasen, Washington, D. C., with whom Robert Cadeaux, Washington, D. C., was on the brief, for appellants.
 
 
 2
 Thomas J. Scanlon, Washington, D. C., for appellee in No. 74-1988.
 
 
 3
 Frank J. Martell, Washington, D. C., with whom Richard W. Galiher, William H. Clarke, and William J. Donnelly, Jr., Washington, D. C., were on the brief, for appellees in No. 74-1992.
 
 
 4
 Before DANAHER, Senior Circuit Judge, WRIGHT, Circuit Judge, and VAN PELT,* Senior District Judge.
 
 
 5
 Opinion for the court filed by Senior District Judge VAN PELT.
 
 
 6
 Dissenting opinion filed by Circuit Judge J. SKELLY WRIGHT.
 
 VAN PELT, Senior District Judge:
 
 7
 Two cases are consolidated in this appeal. Both arose out of an automobile collision in June, 1969 of cars owned and driven by Johnson and Tutt. Appellant Johnson is complaining of the action of the trial court judge in granting a motion for directed verdict in the case of Johnson v. Bernard Insurance Agency, No. 74-1988, and appellant Tutt is complaining of the granting of judgment for the Insurance Company of North America notwithstanding the verdict in Tutt v. Johnson, No. 74-1992.
 
 
 8
 The appeal of the Johnson case involves the interpretation of the statute of limitations contained in the District of Columbia Code, D.C.Code, § 12-301. The Tutt case involves interpretation of the contract of insurance between Sydney Johnson and the Insurance Company of North America (INA) and the rights of INA to cancel.
 
 
 9
 This is the second appearance of Tutt v. Johnson in this court. Both cases can be said to have had their beginning on March 6, 1969 when Mr. Johnson, who had just purchased a new automobile, applied for liability insurance to the Bernard Insurance Agency. A policy was issued by the INA. Only a portion of the premium was paid the agency by Johnson. The balance was to be paid a few days later. The agency forwarded to INA the entire premium due. When Johnson failed to pay the balance due on the premium, the agency later requested cancellation of the policy. The policy was canceled by INA effective April 22, 1969.
 
 
 10
 On June 5, 1969 Johnson and appellant, Homer O. Tutt, were involved in the automotive collision. Suit was filed by Tutt and his wife against Johnson, and a default judgment was entered for a sum in excess of the insured liability. Writs of attachment were then served upon the insurance company, which denied holding any assets of Johnson and asserted that the insurance policy had been validly canceled. A trial was held resulting in a directed verdict for INA. The case was appealed to this court and was reversed in an unpublished opinion holding the directed verdict inappropriate.
 
 
 11
 Prior to the Tutt case being retried, appellant Johnson filed suit against the Bernard Insurance Agency alleging wrongful interference with his contract and breach of fiduciary duty. The cases were consolidated for trial. The case against the Bernard Agency was dismissed by the trial judge on the basis that the statute of limitations had run before filing. In the case involving the writ of attachment the jury brought in a verdict against INA. The trial judge granted INA's motion for judgment notwithstanding the verdict and both cases are now before this court. We affirm in both cases.
 
 
 12
 In the case of Johnson v. Bernard Insurance Agency it is quite obvious that the action is barred by the applicable statute of limitations of the District of Columbia. There was evidence presented that the appellant Johnson knew or should have known of his possible cause of action against the insurance agency as early as June, 1969. His suit was not filed until September, 1973, over four years later. D.C.Code, § 12-301 limits the period in which such actions can be filed to three years. Johnson's action is clearly barred.
 
 
 13
 The sole question on appeal in Tutt v. Johnson, is whether the court erred in granting judgment notwithstanding the verdict.
 
 
 14
 When this case was sent back for retrial, the appellees herein presented additional evidence, including the insurance contract itself. It is on the basis of this contract that we conclude the trial court was correct in granting judgment notwithstanding the verdict. In fact it would have been proper for the trial court to have directed a verdict in favor of INA. We say this notwithstanding the previous reversal, because additional evidence was introduced at the second trial.
 
 
 15
 There was dispute as to how the policy was canceled. It is immaterial who ordered the cancellation of the policy and whether it was a wrongful act on the part of the insurance agency. The terms of the contract between the insurance company and the agency and whether the agency was or was not a general agent are likewise immaterial on the issue now before this court.
 
 
 16
 The insurance contract issued to Johnson has different provisions for cancellation depending on whether the policy has been in effect for less than 60 days or for more than 60 days and whether it is a renewal policy. If the policy has been in effect less than 60 days the applicable provision reads:
 
 
 17
 2. (I)f this policy has been in effect less than sixty days at the time notice of cancellation is mailed and this is not a renewal policy, this policy may be cancelled by the Company by mailing to such insured written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the Company shall be equivalent to mailing.
 
 
 18
 The policy was applied for March 6, 1969. It was issued shortly thereafter. The cancellation notice is dated April 10, 1969 and provided for cancellation effective April 22, 1969. Notice thereof appears to have been mailed to the insured on April 10th. It makes no difference whether the insurance company had a reason or assigned a reason for the cancellation. It had a right to cancel it for no reason at all if done within the sixty-day period.
 
 
 19
 Concluding that the trial court was correct in dismissing the action against the Bernard Insurance Agency and in granting INA's motion for judgment notwithstanding the verdict, we affirm.
 
 
 20
 The dissent raises the question of whether the prior reversal in this case constitutes the law of the case. We do not so understand it. We recognize the doctrine of the law of the case but feel it does not apply here.
 
 
 21
 An examination of the prior reversal makes it clear that the court on the record before it felt that the directed verdict was inappropriate and that a new trial should be held. The concurring judge even pointed out a theory or theories which he thought would be the basis for a recovery if supported by the evidence. It is clear that the court expected at the retrial that further evidence would be introduced by both parties. Further evidence was introduced by both parties, including the agency contract, the contract of insurance, and the notice of cancellation. Evidence at a second trial when different from the evidence at a prior trial frequently produces a different result. If this was not true and if by the first reversal it was intended that judgment be entered for the plaintiff then the court on the record before it would have so ordered. We do not believe the prior reversal established any rule of law which has been disregarded in granting judgment notwithstanding the verdict.
 
 
 22
 Affirmed.
 
 
 23
 J. SKELLY WRIGHT, Circuit Judge (dissenting):
 
 
 24
 I concur in No. 74-1988, but I must dissent in No. 74-1992, Tutt's suit against the insurance company, INA.
 
 
 25
 It is true that the insurance contract was not itself admitted into evidence at the first trial of this case, and it is true that the contract contains a clause purporting to give INA an absolute right of cancellation, contingent only on ten-day notice. But a right of cancellation, especially when contained in a contract of adhesion whose terms are in no meaningful sense open to negotiation between the parties, is not as absolute as the majority would make it sound.[1] Terms in an insurance contract, including cancellation clauses, may not be invoked in such a way as to contravene public policy. See, e. g., L'Orange v. Medical Protective Co., 394 F.2d 57 (6th Cir. 1968); Annot., Liability Insurer's Unconditional Right to Cancel Policy as Affected by Considerations of Public Policy, 40 A.L.R.3d 1439 (1971); Comment, Insurance Cancellation Improper Motive Invalidates Insurer's Cancellation, 54 Iowa L.Rev. 649 (1969).
 
 
 26
 The question here is whether INA, which had received the entire premium due for the full contract period, exercised its cancellation power within these bounds. At the second trial plaintiff Tutt offered evidence which tended to show that the power was wrongfully exercised and the cancellation therefore a legal nullity. This central issue turns on factual questions involving the nature of the agency relationship between Johnson and the Bernard Agency, and the Agency Agreement[2] between Bernard and INA.[3] We set forth those factual questions at length in our prior decision, wherein we reversed a directed verdict for INA and sent the case back for the jury to pass on the factual issues. The jury was instructed in accordance with this court's directions. It found for Tutt, and there was sufficient evidence to support the verdict. The District Court should not again have taken the case from the jury.
 
 
 27
 I would reverse the judgment and remand the case with directions to enter judgment upon the verdict.
 
 
 
 *
 Of the United States District Court for the District of Nebraska, sitting by designation pursuant to 28 U.S.C. § 294(d) (1970)
 
 
 [1]
 Since 1971 the right of cancellation has clearly been subject to important limitations under a District of Columbia regulation "Prohibiting Arbitrary Cancellation of Insurance Policies in the District of Columbia." It specifies certain actions by the insured which constitute the only allowable grounds for cancellation. The insurer, with certain exceptions, must give 30 days notice of cancellation and must set forth the reason for cancellation. The insured has a right of appeal to the superintendent of insurance. 17 D.C. Register 614 (1971)
 
 
 [2]
 That Agency Agreement, which was not in evidence at the first trial, gives added support to Tutt's position that INA had severed itself from concern for collection of debts owed to the Agency. It provides in Paragraph 6(c): "If Agent advances premium on behalf of his client, full responsibility therefor is then and there assumed by Agent." Tr. 97, Plaintiff's Exhibit 5
 
 
 [3]
 See Holbrook v. Institutional Ins. Co. of America, 369 F.2d 236 (7th Cir. 1966). In that case the agency asked the insurance company to cancel "for nonpay." The court held that the company must have known that the agency was acting as something other than the agent of the company since the company had received the full premium. The company must have known, moreover, that the agency was acting beyond the scope of its authority as agent of the insured because of the nature of the request. Cancellation was therefore improper and the plaintiff was entitled to recover against the company