**SYUFY ENTERPRISES,**
Plaintiff/Counter–Defendant,

v.

**AMERICAN MULTI–CINEMA, INC.,**
Defendant/Counter–Claimant.

No. C–79–3052 WHO.

United States District Court,
N.D. California.

June 22, 1988.

Maxwell M. Blecher, Ann I. Jones, Blecher & Collins, P.C., Los Angeles, Cal., Michael N. Khourie, Joel Linzner, Khourie, Crew & Jaeger, San Francisco, Cal., for plaintiff/counter-defendant.

Benjamin H. Parkinson, Steinhart & Falconer, San Francisco, Cal., William C. Blakley, Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C., Phoenix, Ariz., R.F. Beagle, Gage & Tucker, Kansas City, Mo., for defendant/counter-claimant.

## OPINION

ORRICK, District Judge.

American Multi–Cinema, Inc. ("AMC") moved for partial summary judgment based on the ruling by the United States Court of Appeals for the Ninth Circuit in *Syufy Enterprises v. American Multicinema, Inc.*, 793 F.2d 990 (9th Cir.1986). After this Court granted AMC's motion, Syufy Enterprises ("Syufy") made a motion for reconsideration, or in the alternative, for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the Court denies the motion for reconsideration or for certification.

### I

In this case involving the exhibition of major feature films in the San Jose area, the jury returned a general verdict in favor of AMC on its antitrust counterclaim against Syufy. The jury awarded AMC damages of $1,006,421. On July 28, 1982, this Court denied Syufy's motion for a judgment *non obstante veredicto. Syufy Enterprises v. American Multicinema, Inc.*, 555 F.Supp. 418 (N.D.Cal.1982).

On appeal, the Ninth Circuit affirmed in part, reversed in part, and remanded. It *affirmed* the denial of the judgment n.o.v. with respect to two out of the four issues presented to the jury: (1) Syufy monopolized the San Jose hardtop major film exhibition market, and (2) Syufy attempted to monopolize that market. After carefully and exhaustively reviewing each element of these two claims, it concluded that there was substantial evidence to support the elements of both claims. *See Syufy*, 793 F.2d at 993–997 (monopolization claim), 998–1000 (attempted monopolization claim). In contrast, it *reversed* the denial of the judgment n.o.v. with regard to the two other issues: (1) Syufy conspired to monopolize, and (2) Syufy leveraged its power in the drive-in market to gain power in the hardtop market. It found there was not substantial evidence to support these claims. *See id.* at 1000–1001 (conspiracy to monopolize), 997–998 (leverage). In addition, it found that AMC had presented sufficient evidence to support the damages awarded. *See id.* at 1002–1003.

At the conclusion of its opinion, the Ninth Circuit held that it would not invoke its discretionary power to affirm the general verdict. It declined to attribute the jury verdict to one of the two theories that were properly submitted to the jury. Instead, the Court stated: "[W]e remand to the district court for further proceedings not inconsistent with this opinion with respect to the two theories that were supported by sufficient evidence and for dismissal of the

theories not supported by sufficient evidence." *Id.* at 1003.

The debate about just what constitutes "further proceedings not inconsistent with this opinion" gave rise to AMC's motion for partial summary judgment and Syufy's opposition to that motion. AMC argued that further proceedings not inconsistent with the Ninth Circuit's opinion must result in the entry of partial summary judgment in favor of AMC on the issues decided by the Ninth Circuit, specifically the issues of monopolization, attempted monopolization, and damages. Any other result, AMC argued, would be inconsistent with the Ninth Circuit's mandate and contrary to the law of the case. Syufy responded that because the Ninth Circuit refused to uphold the general verdict, the issues for which AMC sought partial summary judgment must be relitigated and retried. Thus, under Syufy's interpretation of the Ninth Circuit opinion, the *entire* case had to be retried before a jury, except for those theories that must be dismissed for lack of sufficient evidence.

At the hearing on AMC's motion for partial summary judgment, this Court granted the motion. In response, Syufy filed the present motion for reconsideration, or in the alternative, for certification of an interlocutory appeal.

## II

■ Syufy's motion for reconsideration must be denied for the same reasons that the Court originally granted AMC's motion for partial summary judgment. First, although it is true that the remand language in the Ninth Circuit's opinion is somewhat ambiguous, AMC's interpretation of the Ninth Circuit's mandate is persuasive. As AMC points out, the Ninth Circuit did not reverse the entire decision by this Court and then remand for a completely new trial. Rather, the Ninth Circuit wrote an opinion in which it spent over ten pages specifically reviewing each element of the issues for which AMC sought partial summary judgment. It carefully analyzed each element of AMC's monopolization claim, including: (1) monopoly power; (2) willful

acquisition or maintenance of monopoly power; and (3) causal antitrust injury. In addition, it addressed each element of AMC's attempted monopolization claim, namely: (1) specific intent, (2) anticompetitive conduct, and (3) causal antitrust injury. Finally, it considered each of Syufy's arguments regarding the insufficiency of AMC's damage claim, and held that there was sufficient evidence to support the damages awarded. At the end of this painstaking analysis, it affirmed this Court's decision to deny Syufy's motion for a judgment n.o.v. on these issues. As AMC correctly argues, if the Ninth Circuit had intended a new trial on all those issues it would have said as much, rather than concluding at the end of its analysis that this Court's judgment should be affirmed on those issues.

■ Second, AMC is correct that the law of the case dictates partial summary judgment on these issues. The law of the case doctrine precludes a court from reexamining an issue previously decided by the same court, or a higher court, in the same case. *Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 833 (9th Cir.1982). When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as decided by the appellate court. *Firth v. United States,* 554 F.2d 990, 993 (9th Cir. 1977). In this case, the Ninth Circuit has already decided that there was sufficient evidence to support the jury's verdict concerning the monopolization, attempted monopolization, and damages claims. This determination by the Ninth Circuit is the controlling and binding law of the case. Syufy cannot be permitted to flout the Ninth Circuit's judgment by relitigating these claims.

■ Finally, important considerations of judicial economy played a large part in the Court's decision to grant partial summary judgment; these same considerations now compel the Court to deny the motion for reconsideration. The parties engaged in a long, complicated, and expensive trial to resolve this lawsuit. This Court invested considerable time and energy in deciding

Syufy's judgment n.o.v. motion, as demonstrated by this Court's lengthy opinion. *See Syufy,* 555 F.Supp. at 418. The Ninth Circuit also devoted substantial time and energy reviewing all the issues in the lawsuit to conclude that the monopolization, attempted monopolization, and damage claims should be affirmed. As AMC correctly stated, it successfully shouldered the burden of proving each of the issues on which it sought partial summary judgment on two prior occasions. Syufy should be precluded from relitigating these issues for a third time.

■ Syufy's arguments against partial summary judgment and in support of the motion to reconsider are simply not persuasive. Syufy argues that the Ninth Circuit's refusal to affirm the general verdict means that the issues in question must be retried. According to Syufy, if the Ninth Circuit had reached a final determination of the issues, it would have either affirmed the general verdict or would have directed this Court to enter judgment in AMC's favor on these claims. This argument is flawed. It is true that the Ninth Circuit did not explicitly say to this Court "enter judgment for AMC on these claims on remand." Nevertheless, this must be the inevitable outcome, given the Ninth Circuit's instructions for proceedings consistent with its opinion, and given its definitive adjudication of the issues in AMC's favor.

Moreover, Syufy ignores the vast majority of the Ninth Circuit's opinion in order to focus selectively on a few paragraphs in the "general verdict" section of the opinion. In this section, the Ninth Circuit refused to uphold the general verdict because there was not substantial evidence to support each and every theory of liability submitted to the jury. It also refused to use its discretionary power to attribute the verdict to one of the substantiated theories of liability. *See Syufy,* 793 F.2d at 1001–1002. Syufy takes certain language from this section of the opinion out of context, and then in effect argues that the rest of the Ninth Circuit's opinion has no impact on the further proceedings in this litigation. Such a position is untenable. Not-

withstanding the Ninth Circuit's refusal to affirm the general verdict, it *did affirm* the two liability theories and *did affirm* the amount of damages awarded. Therefore, the only question remaining on remand is whether the damages were caused by one of the substantiated theories or one of the other theories that must be dismissed for lack of evidence. If the Ninth Circuit had intended the parties and the Court to undertake a totally new trial on all the issues, it would not have spent so much time determining that the two theories of liability and the damage award were supported by sufficient evidence. Instead, the Ninth Circuit would simply have remanded the case for a new trial on all issues and damages.

In an attempt to bolster its argument, Syufy also points to a phrase contained in footnote 4 of the Ninth Circuit's opinion, which reads "we vacate the district court's judgment and remand for a new trial." *Id.* at 992–993 n. 4. However, this reference to footnote 4 does not advance Syufy's argument. It is undisputed that the Ninth Circuit has remanded this case; the only issue is what the remand requires. This one phrase in a footnote does not alter the fact that the Ninth Circuit affirmed the monopolization and attempted monopolization theories and the damage award, and remanded the case for proceedings not inconsistent with these determinations.

Syufy's arguments about the law of the case doctrine are also misguided. Syufy suggests that this doctrine cannot be applied woodenly in cases where substantially different evidence can be offered at a subsequent trial. However, apart from a few vague, conclusory, and unsubstantiated references to "new evidence," Syufy does not show how this exception would apply in this case. Moreover, the cases that Syufy cites are inapposite. Neither *Bonjorno v. Kaiser Aluminium & Chemical Corp.,* 752 F.2d 802 (3d Cir.1984), nor *Johnson v. Bernard Insurance Agency, Inc.,* 532 F.2d 1382 (D.C.Cir.1976), involve an appellate decision that *affirmed* the district court's decision to deny a motion for a judgment n.o.v. In contrast to these inapposite

cases, *Moore* clearly shows that the law of the case must govern.

■ Syufy's final argument in opposition to partial summary judgment and in support of its motion to reconsider is wholly without merit. Syufy claims that AMC should be barred from seeking partial summary judgment because a statement AMC made in a June, 1987, 10–K Statement creates some "variant" of judicial estoppel. Although it is difficult to discern just what Syufy means by a "variant" of judicial estoppel, the law concerning judicial estoppel is clear. In order for judicial estoppel to apply, each of the following elements must be present: (1) identity of parties, (2) an intentionally contradictory position taken by a party in the same court, (3) justifiable reliance by the other party, and (4) an unfair advantage to the party taking different positions. *Arizona v. Shamrock Foods Co.*, 729 F.2d 1208, 1214 (9th Cir. 1984). In this case, judicial estoppel simply does not apply. There is no identity of parties between the present litigation concerning Syufy and a statement in a document filed with the SEC. Moreover, Syufy has not justifiably relied on the 10–K Statement. Finally, the statement Syufy points to in the 10–K Statement does not even appear to contradict what AMC has argued in this court.

In sum, the Court denies Syufy's motion to reconsider for the same reasons it originally granted AMC's motion for partial summary judgment. Based on the Ninth Circuit's opinion, the law of the case doctrine, and judicial economy concerns, AMC is entitled to partial summary judgment on the issues of monopolization, attempted monopolization, and the damages awarded. The only remaining issue to be decided on remand is whether the damages were caused by one of the substantiated theories, or instead by one of the theories that the Ninth Circuit said must be dismissed for lack of evidence.

### III

■ Syufy's request for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) must also be denied. Under 28 U.S.C. § 1292(b), the standards for certifying an interlocutory appeal are very strict. A district court should certify this type of appeal only when there is a "controlling question of law as to which there is substantial ground for difference of opinion" and only when allowing an immediate appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Syufy has not made the necessary showing to satisfy this high standard. To the contrary, the position that Syufy is advocating would prolong the litigation rather than advance its resolution. Syufy is trying to avoid partial summary judgment, and is seeking a full-blown and time-consuming new trial after years of litigation. Under these circumstances, the Court declines to certify an interlocutory appeal.

### IV

Good cause appearing therefor,

IT IS HEREBY ORDERED that:

1. Syufy's motion for reconsideration of the partial summary judgment that was entered in favor of AMC or for certification of an interlocutory appeal is DENIED.

2. The case is set for a court trial to commence on Monday, July 25, 1988, at 8:00 a.m. The sole issue to be decided at this court trial is whether the damages awarded by the jury are attributable to the two theories affirmed by the Ninth Circuit, namely, the monopolization and attempted monopolization theories.

3. A pretrial conference is scheduled for Thursday, July 7, 1988, at 2:00 p.m.