Nancy INIGUEZ, Individually and On Behalf of All Others Similarly Situated, Plaintiff,

v.

THE CBE GROUP, Defendant.

No. 2:13–cv–00843–JAM–AC.

United States District Court, E.D. California.

Sept. 5, 2013.

Seyed Abbas Kazerounian, Jason Alan Ibey, Kazerounian Law Group, Costa Mesa, CA, for Plaintiff.

Sean Patrick Flynn, Foley & Mansfield, PLLP, Los Angeles, CA, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

JOHN A. MENDEZ, District Judge.

This matter comes before the Court on Defendant The CBE Group, Inc.'s ("De-fendant") Motion to Dismiss (Doc. # 18). Plaintiff Nancy Iniguez opposes the motion (Doc. # 22) and Defendant replied (Doc. # 23). Plaintiff also filed a Notice of Recent Authority (Doc. # 27). Along with its motion, Defendant submitted 69 evidentiary exhibits and two declarations.

## I. BACKGROUND

This lawsuit is based on Plaintiff's allegations that Defendant placed numerous calls to her cell phone seeking to collect a debt owed by a third party to Dish Network, LLC. Plaintiff alleges that she informed Defendant that the third party no longer controlled the cellular telephone number that Defendant was calling but the calls continued unabated. Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA") and seeks to represent a class of similarly situated individuals.

Prior to filing the present lawsuit, Plaintiff initiated a suit against Dish Network directly. Case No. 2:12–CV–02354 JAM–AC. Plaintiff voluntarily dismissed her claims against Dish Network, stating in a stipulation, "Plaintiff Iniguez's dismissal from this action against DISH shall be with prejudice. . . . Plaintiff Iniguez agrees to no longer participate in the instant matter either as a named party or class member, but reserves her right to take appropriate legal action against the third party entity [which she believes made the offending calls]." Case No. 2:12–CV–02354 JAM–AC (Doc. # 19). Defendant now moves to dismiss Plaintiff's suit on the grounds that it is barred by res judicata and that the allegations in the complaint do not state a claim for which relief can be granted.

Plaintiff's complaint contains two claims, the first for negligent violations of the

TCPA, 47 U.S.C. § 227, and the second for willful and/or knowing violations of the same. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.

## II. OPINION

### A. *Legal Standard*

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011), *cert. denied*, —— U.S. ——, 132 S.Ct. 2101, 182 L.Ed.2d 882 (2012). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* Assertions that are mere "legal conclusions" are therefore not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*,

550 U.S. at 555, 127 S.Ct. 1955). Dismissal is appropriate when a plaintiff fails to state a claim supportable by a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990).

Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003).

### B. *Opinion*

#### 1. *Defendant's Evidentiary Exhibits*

■ Defendant requests that the Court take judicial notice of documents 1–66 and 68 attached to the Flynn Declaration (Doc. ## 18–2, 19). Plaintiff partially opposes Defendant's request arguing that documents 1–59 and 67 are irrelevant for purposes of the present motion because they concern the legislative history of the TCPA, but the unambiguous language of the statute controls the legal issues presented in this motion.

■ Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. The exceptions are material attached to or relied on by the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute. *E.g., Sherman v. Stryker Corp.*, 2009 WL 2241664 at *2 (C.D.Cal. Mar. 30, 2009) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) and Fed.R.Evid. 201).

Documents 1–57 and 59–66 are matters of public record and the authenticity of the documents is not disputed. The Court

therefore grants Defendant's request with respect to those documents, but they will only be considered insofar as they are relevant to the legal issues presented by Defendant's motion. Document 58 is hearsay in the form of a news article and not a matter of public record. Defendant's request is denied with respect to document 58. Plaintiff does not oppose Defendant's request with respect to document 68, and notice is taken of that document.

Defendant initially sought to introduce documents 67 and 69 of the Flynn Declaration as evidentiary items in support of its motion. Plaintiff correctly objected to those items because extrinsic evidence is generally inadmissible at the pleading stage, but Defendant subsequently filed an additional request for judicial notice with respect to documents 67 and 69 (Doc. # 24). Document 67 is a copy of initial disclosures made by Dish Network in Plaintiff's prior lawsuit and document 69 is a copy of email transmissions between counsel in the same suit. The fact that the documents may have been filed is a matter of public record which cannot be reasonably disputed, but the contents of the documents themselves cannot be accepted as true at the pleading stage because the contents were prepared for litigation and are subject to dispute. Defendant's request with respect to these documents is therefore denied.

Finally, Defendant submitted a declaration from Jeff Magsamen (Doc. # 18–7) and Plaintiff objects to the admission of the declaration. The declaration cannot be considered in conjunction with Defendant's Motion to Dismiss because the motion is limited to testing the sufficiency of the pleadings. Likewise, Plaintiff objects to any testimony in the Flynn declaration beyond authentication of the exhibits subject to judicial notice. Any testimony beyond authentication of the judicially no-

ticed exhibits is also inadmissible at this stage of the litigation. Plaintiff's objections are therefore sustained.

### 2. *Motion to Dismiss*

#### a) *Res Judicata*

■ Defendant first argues that Plaintiff's suit is precluded by her previous suit against Dish Network. Plaintiff responds that her previous suit was not adjudicated on the merits and it was between different parties, meaning that the previous suit has no preclusive effect in this instance.

■ Res judicata, also known as claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997)). In order for a claim to be barred by res judicata, there must be "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.*

After reviewing the documents associated with Plaintiff's previous lawsuit against Dish Network, it is clear that her present suit is not barred by res judicata. Plaintiff was dismissed from the previous suit by stipulation of the parties because she determined that Dish Network did not make the allegedly offending calls, but they were made by a third party. In the stipulated dismissal, Plaintiff reserved "her right to take appropriate legal action against the third party entity." Flynn Decl., Ex. 68 ¶ 4. It is therefore apparent that Plaintiff was not dismissed from her previous lawsuit due to a judgment on the merits, she was only dismissed so that she could pursue claims against Defendant, the entity which she believes made calls to her in violation of the TCPA. While it is true that a dismissal with prejudice is tantamount to adjudication on the merits, the stipulation

agreed to by Plaintiff in her prior suit was clearly only preclusive with respect to Dish Network and not the defendant in Plaintiff's current lawsuit against the CBE Group.

Defendant cites *Semtek Int'l Inc. v. Lockheed Martin Corp.* to argue that a dismissal is either with prejudice and the equivalent of adjudication on the merits or it is without prejudice. 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). Defendant reasons that since the words "with prejudice" appear in the stipulation filed by Plaintiff in the Dish Network suit, the adjudication must have been on the merits. Defendant reads too much from *Semtek's* holding. In that case, the Supreme Court was discussing the preclusive effect on other courts of a dismissal with prejudice. *Id.* at 505–506, 121 S.Ct. 1021 (holding that a dismissal with prejudice does not necessarily preclude all future suits on the same claim). Defendant's reasoning also ignores the carve out provision in the stipulation that expressly preserved Plaintiff's right to sue a third party entity for the same conduct, i.e., the stipulated dismissal with respect to Defendant was without prejudice.

In reply, Defendant also cites Federal Rule of Civil Procedure 19 for the proposition that Plaintiff was required to bring her current claims along with those she attempted to bring against Dish Network in her prior suit. Rule 19, however, only applies when the joinder of an available party is required, and Defendant makes no showing that it was a required party in Plaintiff's suit against Dish Network. Accordingly, the Court finds that the stipulated dismissal in Plaintiff's suit against Dish Network does not constitute a final judgment on the merits, and Defendant's motion to dismiss on this basis is denied.

b) *Failure to State a Claim*

Defendant also moves to dismiss both of Plaintiff's TCPA claims on the grounds that they are inadequately pled. Defendant argues that the TCPA does not apply to debt collectors, Plaintiff does not adequately allege that an automated dialer was used, and finally Plaintiff does not allege an injury arising from the calls.

The TCPA is codified at 47 U.S.C. § 227. The statute contains prohibitions concerning calls made to residential telephone lines and prohibitions concerning calls made to wireless telephone lines. 47 U.S.C. § 227(b)(1)(B); 47 U.S.C. § 227(b)(1)(A)(iii). Under the prohibition related to residential lines, the Federal Communications Commission ("FCC") is permitted to make exceptions for certain calls that are not made for a commercial purpose or those made for a commercial purpose that do not contain an unsolicited advertisement and will not adversely affect privacy rights. 47 U.S.C. § 227(b)(2)(B). The statute does not permit the FCC to make similar exceptions for calls made to wireless numbers.

The TCPA clearly prohibits making any call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a wireless number. 47 U.S.C. § 227(b)(1)(A). Since the applicable section is written in the disjunctive, a violation may occur if any one of an automated telephone dialing system, an artificial voice, or a prerecorded voice is used to make the call. *In re Pacific–Atlantic Trading Co.,* 64 F.3d 1292, 1302 (9th Cir. 1995). The only statutory exceptions to the wireless number prohibition are calls made for emergency purposes or with the prior consent of the call recipient. 47 U.S.C. § 227(b)(1)(A). The TCPA prohibits making offending calls to a cellular number in addition to other services for which the called party is charged, but

there is no statutory requirement that a recipient be charged for an incoming call on a cellular line in order for a violation to occur. 47 U.S.C. § 227(b)(1)(A)(iii). In sum, the TCPA clearly prohibits using an automated telephone dialing system, an artificial voice, or a prerecorded voice to make a call to a cellular phone number where prior consent was not obtained except for emergency purposes.

#### i. *Application of the TCPA to Debt Collectors*

■ Defendant first argues that the TCPA does not apply to the telephone calls it makes because it is a debt collector and the TCPA does not apply to debt collectors. To support its position, Defendant cites extensively to the legislative history of the TCPA. Plaintiff responds that the legislative history is irrelevant absent any ambiguity in the statutory text of the TCPA.

The first fundamental canon of statutory interpretation requires courts to accept the plain meaning of a statute absent any ambiguity in the text. *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Id.* (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)).

In this case, the TCPA is clear that it applies to any call made to a cellular telephone. There is no exception for debt collectors in the statute, nor does the statute permit any regulatory agency to make exceptions to the sections applicable to cellular numbers. In accordance with this position, the federal regulations applicable to the TCPA do not contain a debt collector exception, or any exceptions related to calls made to cellular phones. 47 C.F.R. § 64.1200. The TCPA therefore applies to

debt collectors and they may be liable for offending calls. *Blair v. CBE Group Inc.*, No. 13–CV–134–MMA(WVG), 2013 WL 2029155, \*3, Slip Copy (S.D.Cal. May 13, 2013); *see also Hurrey–Mayer v. Wells Fargo Home Mortg., Inc.*, No. 09cv1470 DMS (NLS), 2009 WL 3647632, at \*3–4 (S.D.Cal. Nov. 4, 2009).

#### ii. *Automatic Telephone Dialing System Allegations*

■ Defendant argues that Plaintiff's TCPA claims are insufficient because her allegations related to Defendant's use of an automatic telephone dialing system are vague and conclusory. Defendant also contends that debt collection calls are not made using such systems because the debt collector is obviously trying to reach a particular person, not make random calls as required by the TCPA. Plaintiff responds that she specifically alleges that the system used by Defendant falls under the TCPA's definition of automatic telephone dialing system.

■ Plaintiff's complaint alleges both that Defendant used an automatic telephone dialing system and that Defendant's system utilized an artificial voice. Compl. ¶ 17. Either allegation is sufficient on its own to support Plaintiff's claims. The allegation that Defendant's system utilized an artificial voice is based on Plaintiff's own experience when she answered Defendant's phone calls, and it is therefore not vague or conclusory. Additionally, whether or not Defendant's system randomly generated Plaintiff's number is not determinative because the TCPA only requires that the system have that capability, not that it was actually utilized with respect to a particular phone call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir.2009). Plaintiff's allegations with respect to Defendant's use of an automatic telephone dialing system and an artificial voice are accordingly sufficient and Defen-

dant's motion to dismiss on this ground is denied.

### iii. *Allegations of Injury*

■ Defendant finally argues that Plaintiff's TCPA claims fail because she does not allege injury, i.e., that she was forced to pay for the allegedly offending phone calls. Plaintiff responds that such an allegation is not required to state a prima facie TCPA claim.

The plain text of the TCPA supports Plaintiff's position. The applicable statutory provision prohibits calls "to any telephone number assigned to a . . . cellular telephone service, . . . *or* any service for which the called party is charged for the call[.]" 47 U.S.C. § 227(b)(1)(A)(iii). Since this section is written in the disjunctive, a call is prohibited if it is made to a cellular number or if it is made such that the receiving party is charged for the call. Based on the plain language of the statute, Plaintiff's allegations are sufficient without an allegation that she was charged for Defendant's calls to her cellular telephone. *Blair v. CBE Group Inc.*, No. 13–CV–134–MMA(WVG), 2013 WL 2029155, *4, Slip Copy (S.D.Cal. May 13, 2013). Defendant's motion to dismiss on this ground is therefore denied.

### 3. *Motion to Strike Class Allegations*

■ Defendant concurrently moves to strike Plaintiff's class allegations arguing that the requirements of Federal Rule of Civil Procedure 23 are not satisfied in this suit. Plaintiff responds that the motion is premature, and she is entitled to a reasoned decision on her pending class certification motion (Doc. # 26).

Class allegations can be stricken or dismissed at the pleading stage. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir.1975). Dismissing class allegations at the pleading stage, however, is rare because the parties have not yet engaged in

discovery and the shape of a class action is often driven by the facts of a particular case. *In re Wal–Mart Stores, Inc. Wage & Hour Litig.*, 505 F.Supp.2d 609, 615–16 (N.D.Cal.2007).

This case is not one in which the pleadings clearly indicate that the class action requirements cannot be met. Defendant's motion to strike is accordingly premature, and it is denied. *Id.; Blair,* 2013 WL 2029155, at *5. The sufficiency of Plaintiff's class allegations are better addressed in Plaintiff's pending motion for class certification.

### III. ORDER

Defendant's Motion to Dismiss and to Strike Class Allegations is DENIED. Defendant is ordered to file a responsive pleading within twenty (20) days of this order.

IT IS SO ORDERED.

### ORDER DENYING DEFENDANT THE CBE GROUP, INC.'S MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

This matter came before the Court on a motion for reconsideration brought by the Defendant, The CBE Group, Inc. ("CBE" or "Defendant"), or, in the alternative, a motion for certification of interlocutory appeal (Dkt. No. 32). Plaintiff, Nancy Iniguez ("Plaintiff") has opposed the motion (Dkt. No. 34). Defendant has asked the Court to reconsider its order from September (Dkt. No. 18), in which the Court denied CBE's motion to dismiss. CBE's motion to dismiss was premised on the belief that the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* (the "TCPA") does not apply to debt collection calls, and therefore Plaintiff had no

actionable TCPA claim against CBE as a matter of law.

CBE urges this Court to specifically reconsider the issue of whether the TCPA applies to debt collection calls on the basis that recent case law establishes that debt collection calls are categorically exempt from TCPA, and allowing the case to proceed on the prior ruling would be manifestly unjust.

In the alternative, CBE has requested this Court to certify its prior order under 28 U.S.C. § 1292(b), arguing there is substantial ground for difference of opinion as to a pure question of controlling law the resolution of which will materially affect this litigation.

CBE has argued that three "recent federal district court opinions have held that debt collection calls, similar to those underlying plaintiff's TCPA claim, are exempt from TCPA, and thus these calls cannot give rise to a TCPA violation." Def.'s Memo., p. 3, lns. 5–7 (Dkt. No. 32).

First, the three cases cited by CBE were all decided before the Court made its order on the motion to dismiss, and even before CBE filed its reply to plaintiff's opposition to CBE's motion to dismiss. Thus, the Court finds these three cases are not recent and should have been included in the original motion to dismiss.

The three cases cited and briefly discussed by CBE in this motion for reconsideration fail to show how manifest injustice would result if the Court declines to reconsider its order, and certainly do not support CBE's contention that debt collection calls are categorically exempt from the TCPA.

In *Martinez v. Johnson,* a case out of the District of Utah,[1] the plaintiffs alleged a violation of TCPA based on calls made by defendant for debt collection purposes arising out of an established business relationship. Although plaintiffs contended that the calls were made to a cell phone, that court found that there was no evidence that the phone contacted was, in fact, a cell phone rather than a landline.

The Court found that a regulatory exemption applied to the calls, and therefore the TCPA did not prohibit them. However, the provision relied on by the district court in *Martinez* shows that it is inapplicable to the case at hand.

In *Martinez,* the Court cited 47 CFR 64.1200(a)(2)(iii-iv) as the source of the exemption. The provision in effect at the time, recently amended and recodified as 47 CFR 64.1200(a)(3), specifically stated that no person may "initiate any telephone call to any residential line unless the call is made for a commercial purpose but does not include or introduce an unsolicited advertisement, or constitute a telephone solicitation, or is made to any person with whom the caller has an established business relationship at the time the call is made."

By the explicit language of the regulation, the exemption relied on by the court in *Martinez* applies to residential lines. It does not reference calls made to cell phones, which are discussed elsewhere in the regulation. As stated, the TCPA makes a clear distinction between the provisions that apply to residential lines and those that apply to numbers assigned to a cellular telephone service.

Comparing 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits calls to any telephone number assigned to a cellular telephone service, unless with prior express consent or for emergency purposes, to 47 U.S.C. § 227(b)(1)(B), that prohibits calls to any residential telephone line unless it is for

---

1. *Martinez v. Johnson,* 11–CV–157–DN, 2013 WL 1031363 (D.Utah Mar. 14, 2013).

emergency purposes, with consent, or expressly exempted.

As such, the *Martinez* case does not apply to the claims at issue in the case before this Court, and it provides no support for CBEs motion for reconsideration.

The second case cited by CBE in the motion for reconsideration is *Roy v. Dell Financial Services, LLC*.[2] That is out of the Middle District of Pennsylvania. In that case, the district court relied on the same exemptions as the *Martinez* Court to find that the Plaintiff's allegations regarding debt collection calls did not state a claim for a violation of the TCPA.

Again, there is no evidence in that opinion that the plaintiff claimed, or that the court assumed, that the calls were being made to a cellular telephone.

CBE relies on, in the motion for reconsideration, perhaps one poorly worded sentence in *Roy* that states, "The FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage." *Roy*, 2013 WL 3678551 at *8. In the *Roy* opinion, the district court cited to two cases to support this conclusion. Again, the cases that the district court in *Roy* cited do not support the conclusion reached by the *Roy* Court.

The first case the district court cited to is *Meadows v. Franklin Collection Service, Inc.*,[3] an Eleventh Circuit case. In that case, the Eleventh Circuit found that the debt collection calls at issue did not violate the TCPA, but clearly based its ruling on the fact that the calls were exempt from the TCPA prohibitions on such calls to residences. This does not stand for the proposition that no debt collection calls can violate the TCPA or that the exemption

relied on applies to calls to cell phones. Rather, the debt collection calls generally are assumed to involve an existing business relationship, and thus they fall into the landline exemption involving existing business relationships provided in § 64.1200(a).

The second case relied on by the *Roy* Court is *Gager v. Dell Financial Services, LLC*, a district court case out of the Middle District of Pennsylvania.[4] In that case, the Court found that debt collection calls were exempt regardless of what type of phone is called. However, this holding was directly overturned by the Third Circuit, so the district court opinion has no precedential value.

In discussing the 64.1200(a) exemptions, and the district court's erroneous application of them, the Third Circuit held that "exemptions do not apply to cellular phones; rather, these exemptions apply only to autodialed calls made to landlines." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 273 (3d Cir.Pa.2013).

The Third Circuit further held that the "only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent." *Id.* at 273.

Therefore, the holding in *Roy* does not support CBE's contention that the federal regulations categorically exempt debt collection calls to cellular phones, and therefore, again, does not support the motion for reconsideration.

The third decision submitted is the *Rafala v. Nelson, Watson and Associates, LLC* case out of the Eastern District of

**2.** *Roy v. Dell Fin. Servs., LLC*, 3:13–CV–738, 2013 WL 3678551 (M.D.Pa. July 12, 2013).

**3.** *Meadows v. Franklin Collection Serv., Inc.*, 414 Fed.Appx. 230, 236 (11th Cir.2011).

**4.** *Gager v. Dell Fin. Servs., LLC*, 11–CV–2115, 2012 WL 1942079 (M.D.Pa. May 29, 2012) rev'd, *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3d Cir.Pa.2013).

New York.[5] First, that is an unpublished order. In *Rafala*, the Court relies on a portion of an FCC declaratory ruling regarding debt collection calls to conclude: "Reasoning that 'calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing.' The FCC has exempted them from the TCPA's restrictions," citing Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCCR 559.

The phrase quoted from this FCC ruling, however, is followed by: "Therefore, calls regarding debt collection or to recover payments are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 FCC Rcd 559, 565 (2008).

The FCC ruling cited in *Rafala* then cites a provision not applicable in *Rafala* or in the present case before this Court. Nevertheless, the *Rafala* Court relied on the FCC ruling to attempt to declare that debt collection calls do not give rise to a cause of action under the TCPA. *Rafala* clearly involves an overextension or misinterpretation of a FCC ruling, and that makes the *Rafala* decision questionable persuasive authority, and it certainly does not warrant reconsideration in this case.

The FCC ruling did expand the scope of the express consent exception as applied to debt collection calls to cell phones; however, it does not change the reasoning applied in this Court's ruling on CBE's motion to dismiss, or support CBE's contention that debt collection calls can never violate the TCPA. In fact, courts discussing this issue have concluded that the FCC ruling does not exempt all debt collection calls, and certainly not all calls to cell phones, including in cases in which CBE made these same arguments.

The *Robinson v. Midland Funding* case,[6] Southern District of California case, that found that the "FCC has already issued a declaratory ruling stating debt collectors who make autodialed or prerecorded calls to a wireless number are responsible for any violation of the TCPA." *Robinson*, 2011 WL 1434919 at *5, 2011 U.S. Dist. LEXIS 40107 at *13.

The court in *Blair v. CBE Group, Inc.*,[7] the 2013 case out of the Southern District of California, in which Judge Anello denied CBE's motion to dismiss, relied on the theory that the TCPA does not apply to debt collection calls.

The Court therefore finds that the case law cited in the motion for reconsideration does not in any way support CBE's broad contention that debt collection calls are categorically exempt from the TCPA restrictions.

I further find that CBE has failed to meet the standards required for a successful motion for reconsideration as required under Federal Rule of Civil Procedure 60(b) and Local Rule 230(j), and accordingly the Court denies the motion for reconsideration.

CBE has also requested this Court to certify its order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This section provides that when a district judge, in

---

5. *Rafala v. Nelson, Watson & Assoc., LLC*, 10–CG–173 (RJD) (MDG) (E.D.N.Y. Jan. 28, 2013).

6. *Robinson v. Midland Funding, LLC*, 2011 WL 1434919, 2011 U.S. Dist. LEXIS 40107 (S.D.Cal. Apr. 13, 2011).

7. *Blair v. CBE Group, Inc.*, 2013 WL 2029155 (S.D.Cal. May 13, 2013).

making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

 "The standard to certify a question of law is high and a district court generally should not permit such an appeal where it 'would prolong the litigation rather than advance its resolution.' " *Davis Moreno Constr., Inc. v. Frontier Steel Bldgs. Corp.,* 2011 WL 347127, *1, 2011 U.S. Dist. LEXIS 10083, *3 (E.D.Cal. Feb. 1, 2011) (quoting *Syufy Enter. v. Am. Multi-Cinema, Inc.,* 694 F.Supp. 725, 729 (N.D.Cal.1988)).

 Even assuming the question as posited by CBE is a controlling question of law in this case that would materially affect this litigation, this Court finds that there is not "substantial ground for difference of opinion" with regard to whether the TCPA applies to debt collection calls made to cellular telephones.

Much of CBE's argument for certification focuses on the same cases discussed in its motion for reconsideration. And, as the Court has found, these cases do not provide adequate, if any, support for CBE's contention that the TCPA does not apply to debt collection calls. A proper reading of the FCC ruling, the TCPA and the § 64.1200(a) exemptions rules out CBE's theory.

In addition, the case law that actually deals with this question of law before the Court has almost unanimously found that debt collection calls are not categorically exempt from the TCPA, and debt collectors can be found liable for offending calls. The *Robinson* case, the *Blair* case, and the *Gager* case (the Third Circuit opinion), all support that conclusion.

Therefore, this Court finds that CBE has failed to show a substantial ground for difference of opinion, and therefore has failed to meet the high standard placed upon a moving party. Accordingly, the Court also denies CBE's motion for certification.

For those reasons, the entire motion is DENIED.

**IT IS SO ORDERED.**