**Christopher J. REICHMAN, Individually and on Behalf of All Others Similarly Situated, Plaintiffs,**

**v.**

**POSHMARK, INC., a Delaware Corporation, Defendants.**

**Case No. 16–cv–2359 DMS (JLB)**

United States District Court, S.D. California.

Signed January 3, 2017

---

David C. Beavans, Law Offices of David C. Beavans, APC, San Diego, CA, for Plaintiffs.

Brooks R. Brown, Laura Alexandra Stoll, Shauna E. Woods, Goodwin Procter LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT

Honorable Dana M. Sabraw, United States District Judge

Pending before the Court is Defendant Poshmark, Inc.'s motion to dismiss Plaintiff Christopher J. Reichman's Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the following reasons, the Court grants in part and denies in part the motion.

## I.

## BACKGROUND

Defendant operates a mobile application ("app") that provides users with a platform to sell and purchase used clothing and accessories. (Compl. ¶¶ 7–9.) Users can use the app to list their goods for sale by creating an online "closet" and uploading pictures of the items from their mobile devices. (Compl. ¶¶ 7, 10–11.) Users can also purchase goods from other users' closets on their mobile devices by using the app. (Compl. ¶¶ 7, 10–11.)

When new users set up their closets, they are asked whether they would like to share their closets with their friends. (Compl. ¶¶ 11–12.) When users select the "yes" option, Defendant allegedly sends a text message to every contact in the users' contact list stored on their mobile devices.

(Compl. ¶ 13.) The text message contains an invitation "to view and buy the wares now being sold through POSHMARK and gives a link to the POSHMARK closet of the person whose Contacts list was used." (Compl. ¶ 14.) Plaintiff alleges Defendant "does not clearly and conspicuously inform users that it will send a text message to everyone on the Contacts list in their mobile phone." (Compl. ¶ 17.)

Plaintiff's former client Tricia Tolentino downloaded Defendant's app to sell some of her old clothing. (Compl. ¶ 24.) Ms. Tolentino created a closet and uploaded photos of the clothes she wanted to sell. (Compl. ¶ 25.) After she set up her closet, Ms. Tolentino was asked whether she wanted to share her closet with her friends. (Compl. ¶¶ 25–26.) Ms. Tolentino selected the "yes" option. (Compl. ¶ 26.) Consequently, Defendant sent a text message to every contact in Ms. Tolentino's contact list, including Plaintiff. (Compl. ¶¶ 13, 27.) On January 25, 2015, Plaintiff received the text message, which contained an invitation to view Ms. Tolentino's closet.[1] (Compl. ¶¶ 14, 20.)

Based on this single text message, Plaintiff filed the present action against Defendant, alleging a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), and a violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. Plaintiff seeks to represent a class of "[a]ll persons and entities located within the United States of America to whose mobile phones POSHMARK and/or its agents transmitted a text message without prior express written consent anytime from September 15, 2012, to the present." (Compl. ¶¶ 6, 36.) Defendant now moves to dismiss, challenging Plaintiff's standing to

---

1. Plaintiff does not identify the specific content of the text message in the Complaint.

bring this action and arguing Plaintiff has failed to state a claim under the TCPA and UCL.

## II.

## LEGAL STANDARD

██ Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992) (quoting *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "Article III of the Constitution confines the federal courts to adjudication of actual 'Cases' and 'Controversies.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 590, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing and that claims be 'ripe' for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010) (citing *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). Consequently, a "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis omitted).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see Benson v. Ariz. State Bd. of Dental Exam'rs*, 673 F.2d 272, 275–76 (9th Cir. 1982) (court need not accept conclusory legal assertions). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

## III.

## DISCUSSION

### A. TCPA Claim

#### 1. Article III Standing

██ Defendant initially contends Plaintiff lacks standing to bring a claim under the TCPA because he has not adequately alleged a "concrete and particularized" injury caused by Defendant's alleged TCPA violation. Specifically, Defendant argues Plaintiff's allegations of harm are too conclusory and speculative to constitute concrete injuries sufficient to satisfy Article III's injury-in-fact requirement.

In *Spokeo, Inc. v. Robins*, ―― U.S. ――, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), the Supreme Court reiterated the "irreducible constitutional minimum" of standing under

Article III: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3), that is likely to be redressed by a favorable judicial decision." *Id.* at 1547 (citations omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* (citing *FW/PBS, Inc. v. Dall.*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990)). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

In *Spokeo*, the Supreme Court's focus was the injury-in-fact element. The Court stated "[i]njury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Spokeo*, 136 S.Ct. at 1547–48 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130). The Court then went on to discuss in more detail the requirements for a "concrete and particularized" injury. It stated, "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1, 112 S.Ct. 2130). In contrast, "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* (citing Black's Law Dictionary 479 (9th ed. 2009)) (emphasis in original). "Although tangible injuries are perhaps easier to recognize,... intangible injuries can nevertheless be concrete." *Id.*

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S.Ct. at 1549. In general, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* A "bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id.* However, the Supreme Court recognized that Congress may "'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 775–77, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000)) (emphasis in original). "'Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.'" *Id.* (quoting *Lujan*, 504 U.S. at 580, 112 S.Ct. 2130 (Kennedy, J., concurring)). Therefore, a "violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Id.*; *see Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ("The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing"). Indeed, the requirement of concreteness may be satisfied in cases where a statutory violation presents "the risk of real harm[.]" *Spokeo*, 136 S.Ct. at 1549.

The TCPA prohibits making "any call ... using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone ser-

vice[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA also provides a private right of action to individuals seeking to enjoin or recover damages for violations of the Act. *Id.* at § 227(b)(3). Congress enacted the TCPA "in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls[,]" which were a "nuisance and an invasion of privacy." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). It targeted users of ATDSs by (1) "prohibit[ing] the use of ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy[,]" *id.* and (2) providing consumers a private right of action against such users for making "*any*" call using an ATDS to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii) & (b)(3) (emphasis added). Thus, a violation of the TCPA presents a "risk of real harm" to consumers as each unconsented call or text message can result in a nuisance and an invasion of privacy contemplated by Congress. *Spokeo*, 136 S.Ct. at 1549; *see Cabiness v. Educ. Fin. Sols.*, LLC, No. 16–CV–01109–JST, 2016 WL 5791411, at *6 (N.D. Cal. Sept. 1, 2016) ("a statutory violation of § 227(b)(1)(A)(iii) of the TCPA inherently presents a 'risk of real harm,' even if that harm is 'difficult to prove or measure,' such that the statutory violation is sufficient on its own to constitute an injury in fact.") (quoting *Spokeo*, 136 S.Ct. at 1549–50). Accordingly, a plaintiff alleging a violation of the TCPA "need not allege any *additional* harm beyond the one Congress has identified." *Spokeo*, 136 S.Ct. at 1549 (emphasis in original).

Indeed, several courts have found that a violation of § 227(b)(1)(A)(iii) of the TCPA inherently harms the recipient of the unwanted call or text message, such that alleging a statutory violation is sufficient to satisfy the injury-in-fact requirement. *See, e.g., Cabiness*, 2016 WL 5791411, at *5–6 (a violation of the TCPA "is sufficient on its own to constitute an injury in fact" because "[e]very unconsented call through the use of an ATDS to a consumer's cellular phone results in actual harm"); *Cour v. Life360, Inc.*, No. 16–CV–00805–TEH, 2016 WL 4039279, at *2 (N.D. Cal. July 28, 2016) (finding concrete injuries where plaintiff alleged he received one text message in violation of the TCPA); *Meyer v. Bebe Stores, Inc.*, No. 14–CV–00267–YGR, 2015 WL 431148, at *2 (N.D. Cal. Feb. 2, 2015) (finding concrete injuries based on one alleged violation of the TCPA); *Smith v. Microsoft Corp.*, No. 11–CV–1958 JLS (BGS), 2012 WL 2975712, at *6 (S.D. Cal. July 20, 2012) (finding "that by alleging he received a text message in violation of the TCPA, [plaintiff] has established a particularized injury in satisfaction of Article III premised on the invasion of his privacy").

In light of these authorities, the Court finds that Plaintiff has sufficiently alleged concrete injuries to confer Article III standing. Plaintiff alleges in the Complaint that Defendant sent him an unconsented text message in violation of the TCPA. As a result, Plaintiff contends he suffered the following intangible injuries: "the direct waste of his time during the SMS text message call itself, the indirect waste of time in having to break from other important tasks and spend time catching up after the junk call, ... and in the aggravation and consequent health effects of stress these illegal intrusions have caused."[2] (Compl. ¶ 35.) Although Plaintiff does not include the exact terms "invasion of priva-

**2.** Plaintiff has also alleged tangible injuries, which include litigation costs and waste of telephone services. Because the alleged intangible injuries are sufficient to establish the injury-in-fact requirement, the Court declines to address the alleged tangible injuries.

cy" and "nuisance" in his Complaint, his alleged injuries are the types of harm that Congress "sought to curb" and "elevat[ed] to the status of legally cognizable injuries" when it passed the TCPA. *Spokeo*, 136 S.Ct. at 1549–50. Therefore, the Court concludes Plaintiff has sufficiently alleged injury-in-fact required for standing purposes.

### 2. Sufficiency of the TCPA Claim

As noted, the TCPA makes it unlawful "to make any call (other than a call ... made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). A text message is a "call" within the meaning of the TCPA. *Satterfield*, 569 F.3d at 954. To state a claim under the TCPA, a plaintiff must allege: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). Defendant contends the TCPA claim should be dismissed because Plaintiff has failed to sufficiently allege the first two elements.

As to the first element, Defendant raises a factual dispute, arguing "Plaintiff's TCPA claim fails at its inception because ... Poshmark was not the 'maker' of the alleged text message." (Mem. of P. & A. in Supp. of Mot. at 15.) Specifically, Defendant contends Ms. Tolentino "caused the challenged text to be sent, making her— not Poshmark the 'maker' of the text." (*Id.* at 17.) The Court finds that this issue should be addressed at the summary judgment stage, and not on a motion to dismiss.[3] In the context of a Rule 12(b)(6) motion, all material facts as pleaded in the Complaint are assumed to be true. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."). At this stage of the proceedings, particularly under notice pleading standards of Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires only a "short and plain statement of the claim," Plaintiff need not have included additional details concerning the process by which Defendant's app transmits the text messages and the extent of an app user's involvement in sending the text messages. Such details are better left for discovery and summary judgment.[4] *See*

3. The Court acknowledges two cases in the Ninth Circuit where courts have resolved this issue on a motion to dismiss. *See McKenna v. WhisperText*, No. 5:14–CV–00424–PSG, 2015 WL 5264750 (N.D. Cal. Sept. 9, 2015); *Cour v. Life360, Inc.*, No. 16–CV–00805–TEH, 2016 WL 4039279 (N.D. Cal. July 28, 2016). However, the circumstances in *McKenna* and *Cour* are distinguishable from those of the present action. In *McKenna* and *Cour*, the plaintiffs previously had opportunities to amend their claims. For example, in *McKenna*, the court addressed the plaintiff's fourth amended complaint and noted it had previously held the plaintiff had "foreclose[d] any plausibility that WhisperText sends messages using an ATDS, without human intervention." *McKenna*, 2015 WL 5264750, at *3. The court in *Cour* ad-

dressed the plaintiff's first amended complaint and relied on *McKenna* and *Huricks*, a summary judgment case, in expressly finding Defendant was the maker of the calls. *See Cour*, 2016 WL 4039279, at *4.

4. Defendant states, "In the event this action is not dismissed, Poshmark will demonstrate the numerous additional steps Plaintiff's former client had to take in order to affirm her intent to proceed and for texts to be sent to her contacts, including but not limited to specifically selecting which contacts she wanted to invite to view her closet." (Mem. of P. & A. in Supp. of Mot. at 14.) Defendant is free to pursue targeted discovery and bring a motion for summary judgment on this issue at the

*Huricks v. Shopkick, Inc.*, No. C–14–2464 MMC, 2015 WL 5013299, at *3–5 (N.D. Cal. Aug. 24, 2015) (deciding on motion for summary judgment whether plaintiff has established that defendant made the calls as required under the TCPA); *Kauffman v. CallFire, Inc.*, 141 F.Supp.3d 1044, 1048–49 (S.D. Cal. 2015) (same). Here, Plaintiff has alleged "Defendant transmitted one (1) text message to [Plaintiff's] wireless mobile phone number ... wherein they tried to sell and advertise the commercial availability of clothing to him on January 25, 2015, at approximately 1:23 p.m." (Compl. ¶ 20.) Based on this allegation, the Court finds Plaintiff has sufficiently pleaded the first element of his TCPA claim.

As to the second element, Defendant argues Plaintiff has failed to allege sufficient facts to support his allegation that Defendant used an ATDS to send the text message. Defendant further contends Plaintiff "cannot plead that the text message was sent using an ATDS" because "the challenged text followed from the 'human intervention' of his client[.]" (Mem. of P. & A. in Supp. of Mot. at 8.) This Court has addressed similar arguments multiple times, most recently in *Garcia v. Caine and Wiener Comp., Inc.*, Case No. 16cv0850 DMS (DHB), Docket No. 21. In that case, the Court followed its previous approach on this issue, and held a plaintiff need not allege specific facts to support an allegation that a defendant used an ATDS. *See Iniguez v. The CBE Grp.*, 969 F.Supp.2d 1241, 1247 (E.D. Cal. 2013) ("Plaintiff's complaint alleges both that Defendant used an automatic telephone dialing system and that Defendant's system utilized an artificial voice. Either allegation is sufficient on its own to support Plaintiff's claims."); *Pacleb v. Cops Monitoring*, No. 2:14–CV–01366–CAS, 2014 WL

3101426, at *4 (C.D. Cal. July 7, 2014) ("Plaintiff alleges that the defendant called him using an ATDS.... Whether defendant actually did so is better adjudicated after the evidentiary record has been developed."). At this stage of the proceeding, it would be unreasonable to require Plaintiff, without the benefit of discovery, to describe the technical details of Defendant's alleged ATDS. Therefore, whether Defendant actually used an ATDS, *i.e.*, equipment with "the capacity to dial numbers without human intervention," is an issue that should be decided after discovery has been conducted. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7973 (2015).

Here, Plaintiff has sufficiently pleaded the use of an ATDS. Plaintiff alleges "Defendants have been calling Plaintiffs' numbers assigned to a wireless service, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' express permission." (Compl. ¶ 54.) Plaintiff further alleges Defendant "obtains and records the numbers in users' Contacts lists then transmits text messages to each of those users via a connection to the Public Switched Telephone Network ("PSTN") or via an Internet Protocol ("IP") interface with the PSTN, in either event dialing without the intervention of human agency." (Compl. ¶ 50.) While additional factual details about Defendant's equipment might be helpful, they are not required to move beyond the pleading stage. *See In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F.Supp.2d 1253, 1260 (S.D. Cal. 2012). Because Plaintiff has sufficiently alleged both the first and second elements of TCPA, Defendant's motion to dismiss is denied as to the TCPA claim.

---

earliest appropriate time, including prior to the filing of any class certification motions.

## B. UCL Claim

 Defendant argues Plaintiff lacks statutory standing to bring a claim under the UCL because Plaintiff has failed to sufficiently plead an economic injury caused by the alleged TCPA violation. The Court agrees. To have standing to bring a claim under the UCL, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury; and (2) show that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F.Supp.2d 942, 965 (S.D. Cal. 2012) (quoting *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 322, 120 Cal.Rptr.3d 741, 246 P.3d 877 (Cal. 2011)); *see* Cal. Bus. & Prof. Code § 17204 (under the UCL only a "person who has suffered injury in fact and has lost money or property as a result of the unfair competition" has standing to bring an action for relief). The "requirement that injury be economic renders standing under [the UCL] substantially narrower than federal standing … which may be predicated on a broader range of injuries." *Kwikset Corp.*, 51 Cal.4th at 324, 120 Cal. Rptr.3d 741, 246 P.3d 877. To satisfy the injury-in-fact requirement, a plaintiff need show "a personal, individualized loss of money or property in any nontrivial amount." *Id.* at 325, 120 Cal.Rptr.3d 741, 246 P.3d 877.

Plaintiff alleges the receipt of one text message caused him to suffer the following injuries: waste of time, "waste of telephone service," "the costs of having to pursue legal remedies," aggravation, and stress. (Compl. ¶¶ 35, 56, 59–60.) Initially, the Court finds that waste of time, aggravation, and stress do not constitute loss or deprivation of money or property sufficient to satisfy the economic injury requirement.

*See Olmos v. Bank of Am., N.A.*, No. 15–CV–2786–BAS–BGS, 2016 WL 3092194, at *4 (S.D. Cal. June 1, 2016) ("allegations that plaintiffs were injured by unwanted text messages that caused them embarrassment and emotional harm were insufficient."); *Pietzak v. Microsoft Corp.*, No. CV 15–5527–R, 2015 WL 7888408, at *2 (C.D. Cal. Nov. 17, 2015) ("embarrassment and emotional harm" arising from "unwanted text messages" is insufficient to allege an injury-in-fact under the UCL). The Court also finds that litigation costs incurred in bringing the present action are insufficient to constitute an economic injury required to establish standing. *See Two Jinn, Inc. v. Gov't Payment Serv., Inc.*, 233 Cal.App.4th 1321, 1334, 183 Cal. Rptr.3d 432 (Cal. App. 2015) ("Plaintiffs cannot establish standing to pursue a UCL claim based on expenses incurred in order to bring their UCL claim" as such "'pre-litigation' costs … are not an economic injury caused by the business practices that Aladdin characterizes as unlawful."); *Thompson v. Residential Credit Sols.*, Inc., No. CIV. 2:11–2261 WBS D, 2012 WL 260357, at *5 (E.D. Cal. Jan. 26, 2012) ("attorneys' fees and costs incurred bringing a UCL claim" do not give rise to a UCL injury"); *Bullwinkle v. U.S. Bank, Nat'l Ass'n*, No. C13–08281 HRL, 2013 WL 5718451, at *2 (N.D. Cal. Oct. 21, 2013) (same). Should the Court find that such costs constitute an economic injury sufficient to confer standing, "a private plaintiff bringing a UCL claim automatically would have standing merely by filing suit." *Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*, 776 F.Supp.2d 1029, 1039 (N.D. Cal. 2011). Consequently, the requirement that plaintiffs show "they lost money or property 'as a result' of the challenged practice in order to have standing to sue under the UCL would be meaningless." *Robinson v. HSBC Bank USA*, 732 F.Supp.2d 976, 989 (N.D. Cal. 2010).

Lastly, the allegation that the text message caused "waste of telephone service" is also insufficient to demonstrate an economic injury. To satisfy California's statutory injury-in-fact requirement, a plaintiff must show "a *personal, individualized* loss of money or property in any *nontrivial* amount." *Kwikset Corp.*, 51 Cal.4th at 325, 120 Cal.Rptr.3d 741, 246 P.3d 877 (emphasis added). Plaintiff, however, does not allege he personally incurred any costs for the receipt of the single text message. Plaintiff merely alleges in a conclusory manner that "POSHMARK's unsolicited text advertising uses the paid for and economically valuable text message allotments." (Compl. ¶ 59.) Such allegations are insufficient to meet the injury-in-fact requirement. *See Olmos*, 2016 WL 3092194, at *4 ("the allegation that Plaintiff received two short text messages is insufficient to convey standing because the loss of battery life and bandwidth as a result of these two messages was de minimis."); *Van Patten v. Vertical Fitness Grp.*, LLC, 22 F.Supp.3d 1069, 1080 (S.D. Cal. 2014) (finding no injury-in-fact because plaintiff "wasn't charged for the texts except in the formal sense that he pays for unlimited texting, and the Court can't reconcile liability for that nominal amount with the holding of *Kwikset*."). Because Plaintiff has failed to allege an economic injury, Plaintiff lacks standing to bring his UCL claim. Accordingly, Defendant's motion to dismiss this claim is granted.

## IV.

### CONCLUSION

For these reasons, the Court grants in part and denies in part Defendant's motion to dismiss. Plaintiff is granted leave to file an amended complaint that cures the pleading deficiencies set out above no later than January 17, 2017.

**IT IS SO ORDERED.**